UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORVILLE LELAND DAVIS,

        Petitioner,        Case Number: 2:09-CV-12558

v.        HON. MARIANNE O. BATTANI

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Orville Leland Davis is a state inmate at the Lakeland Correctional Facility in Coldwater, Michigan. He has filed a *pro se* petition for a writ of habeas corpus.[1] In 1976, Petitioner was convicted by a guilty plea in the Eaton County Circuit Court of second-degree murder. He was sentenced to a parolable life sentence. Most recently, Petitioner was denied release on parole on July 27, 2008. He has now filed a habeas corpus petition challenging the denial of parole. This matter was originally assigned to the Honorable Patrick J. Duggan. It was reassigned to the undersigned district judge as a companion case to *Foster Bey v. Rubitschun*, No. 05-71318.

**I.**

In the petition, Petitioner challenges the Michigan Parole Board's July 27, 2008 decision denying him parole. He sets forth the following claims for relief:

---

[1] Although Petitioner actually filed a "Motion to Intervene and File Attached Petition for Writ of Habeas Corpus," the Court notes that the matter was opened as a new case and the petition accepted for filing. The Court denies as moot the portion of the motion seeking permission to file the attached habeas petition and addresses the remainder of the motion *infra*.

The prosecutors and policies used by the Michigan Parole Board to determine parole eligibility for Petitioner under the facts and circumstances of this particular case constitutes a violation of the Due Process Clause, and the right to be free of cruel and unusual punishment.

(A)     The denial of parole under Michigan's no-parole policy for murderers denied Petitioner his due process right to be heard by an impartial decision-maker.

(B)     The Parole Board, since 1992, has violated Petitioner's due process rights by adopting arbitrary and impermissible criteria bearing no relationship to the purpose of a parole system.

(C)     The Michigan Parole Board acted arbitrarily by basing its decision to deny Petitioner a parole on impermissible grounds which violates his due process rights.

(D)     Petitioner's constitutional right to be free of cruel and unusual punishment was violated.

(E)     Due process and equal protection requires habeas corpus discharge from custody as the proper remedy.

## II.

### A.

Promptly after the filing of a habeas corpus petition, a district court should review the petition and determine whether " it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. If the court determines that a petitioner is not entitled to relief, the Court may summarily dismiss the petition. Rule 4; *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970). The Court has reviewed the petition and determined that it is subject to Rule 4 dismissal.

### B.

Petitioner's claims are reviewed against the standards established by the Antiterrorism

and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

3

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.  The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.

Petitioner's habeas claims fall into two categories, those related to post-1992 changes to Michigan's parole scheme and those related to the specific factors considered by the parole board in denying Petitioner parole in 2008.  The claims related to post-1992 parole changes are duplicative of those presented in *Foster Bey v. Rubitschun*, No. 05-71318 (E.D. Mich. Oct. 23, 2007).  The remaining claims fail to state a claim upon which habeas relief may be granted.

### A.

In *Foster Bey v. Rubitschun*, No. 05-71318 (E.D. Mich. Oct. 23, 2007), a group of plaintiff prisoners filed a civil action under 42 U.S.C. § 1983, alleging that post-1992 changes to Michigan's parole scheme violate the class members' rights under the *Ex Post Facto* and Due Process Clauses.  The matter was given class-action status.  This Court held that the combined

effect of several statutory amendments impacting consideration for and release on parole served to significantly disadvantage the class and violated the *Ex Post Facto* Clause. *Foster-Bey*, No. 05-71318 (E.D. Mich. Oct. 23, 2007). The Court issued a declaratory judgment and injunctive order requiring the Parole Board to give "prompt personal parole review" to the plaintiff class under the norms used before 1992. *Foster-Bey*, No. 05-71318 (E.D. Mich. Feb. 7, 2008).

Petitioner, who is a member of the *Foster-Bey* class, states that he has been considered for parole in response to this Court's injunctive order. However, he argues that the parole hearing he was afforded failed to comply with the Court's remedial order (claim (E)). Specifically, he claims that the parole board's "life means life" policy denied him his right to be heard by an unbiased decision maker (claim (A)(1)), that the denial of parole pursuant to post-1992 polices violates the *Ex Post Facto* Clause (claim (B)), and that the "life means life" policy denied him his rights under the Due Process Clause (claim(C)).

The Sixth Circuit Court of Appeals generally disfavors allowing a class-action plaintiff to pursue an individual action which is duplicative of the class action. In *Groseclose v. Dutton*, 829 F.2d 581 (6th Cir. 1987), the Sixth Circuit held that a district court erred in granting relief to a class of death-row inmates when members of the death-row class were also members of a larger, previously-filed class action which raised the same claims raised by the death-row inmates. The Court reasoned:

> To allow two or more district judges to issue directions to prison officials simultaneously would be to create . . . an "inefficient" situation, fraught with potential for inconsistency, confusion, and unnecessary expense.

*Groseclose v. Dutton*, 829 F.2d 581, 584 (6th Cir. 1987). The Court finds that claims (A)(1), (B), (C) & (E) are duplicative of the class action and that challenges to the implementation of the

5

Court's remedial order are best addressed in the class-action suit. *See also Dowtin v. Palmer*, No. 09-11387, 2009 WL 139401, * 2 (E.D. Mich. May 18, 2009) (Ludington, J.) ("Because Petitioner is a member of the class action in *Foster-Bey*, an adequate remedy for Petitioner's *ex post facto* claims lies in the proceedings before Judge Battani"), *Eaton v. Curtin*, No. 08-cv-13461, 2009 WL 799137 (E.D. Mich. March 29, 2009) (O'Meara, J.) (holding that a habeas petition is an improper remedy for a *Foster-Bey* class member to challenge administration of process for reviewing parolable lifers); *Henderson v. Rubitschun*, 2007 WL 1648932, *2 (E.D. Mich. June 5, 2007) (Ludington, J.) (dismissing a civil rights complaint filed by a plaintiff who is a member of the *Foster-Bey* class and whose complaint presented legal issues identical to those raised in *Foster-Bey* and who sought relief identical to that sought in *Foster-Bey).* Therefore, the Court denies habeas relief as to these claims.

**B.**

Petitioner also presents two claims, (A)(2) and (D), that are not duplicative of those raised in the class action

First, Petitioner argues that, in denying him parole, the parole board improperly considered crimes he committed prior to the murder and after the murder. He argues that the crimes were so remote from the crime for which he is currently incarcerated that they should not have been considered at all.

Petitioner has no federal constitutional right to be released on parole because there is no constitutional right of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "States may under certain circumstances create liberty interests which are

protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). However, a petitioner has no constitutionally protected liberty interest in the procedural requirements of state law where the State's discretion to deny parole is broad, as it is in Michigan. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir.1994) (en banc).

In a habeas corpus proceeding, the scope of a federal court's review of a Parole Board's decision denying parole is quite limited:

> Absent substantial evidence of an arbitrary and capricious abuse of discretion amounting to a denial of a constitutional right, and absent evidence of a decision based on an unconstitutional factor such as an applicant's race, sex, religion, or prior exercise of protected constitutional rights, the court should not interfere with the parole board's exercise of its discretion in denying an application for parole.

*Juarez v. Renico*, 149 F. Supp. 2d 319, 324 (E.D. Mich. 2001) (Lawson, J.).

Petitioner argues that the parole board improvidently denied him parole based upon crimes occurring both before and after the crime for which he is incarcerated. The parole board based its denial of parole on many factors, including Petitioner's criminal history, his use of a dangerous weapon, his failure to acknowledge the seriousness of his crimes, and his failure to express remorse. *See* Parole Board Notice of Decision, dated July 11, 2008. "The parole release decision is based on a complex of factors covering, *inter alia*, psychiatry, criminology, psychology, penology, and human relations. . . . Parole decision-making centers on making a diagnostic and predictive determination with respect to whether the rehabilitation of the prisoner and the welfare of society generally would be best served by granting the prisoner conditional freedom rather than by his continued physical confinement." *Tamachaski v. Renico*, 2001 WL 1478664, * 4 (E.D. Mich. Nov. 20, 2001) (Lawson, J.). It is not arbitrary or capricious for a parole board to consider an inmate's criminal history to determine whether to grant an inmate

parole. *See Jones v. Salisbury*, 422 F.2d 1326, 1326 (6th Cir.1970). Petitioner has failed to show that the parole board considered any improper factors or relied on any incorrect information in denying him parole. The Court, therefore, finds that Petitioner is not entitled to habeas corpus relief on this claim.

Second, in claim (D), Petitioner argues that the denial of parole violates the Eighth Amendment. The Sixth Circuit has clearly held that the denial of parole:

> does not implicate the Eight[h] Amendment's prohibition against cruel and unusual punishment. The Eight[h] Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). The denial of parole clearly does not fall under this umbrella.

*Carnes v. Engler*, 76 F. App'x 79, 81 (6th Cir. Sept.19, 2003).

Habeas relief, therefore, is also denied on this claim.

### IV.

Also before the Court is Petitioner's "Motion to Intervene and File Attached Petition for Writ of Habeas Corpus." As discussed *supra*, the petition has been filed and that portion of the motion is denied as moot. It appears that Petitioner seeks permission to intervene in the *Foster-Bey* proceedings and to file his habeas corpus petition in that matter. Because Petitioner is a member of the *Foster-Bey* class, there is no need for him to intervene. Petitioner's habeas corpus petition was accepted for filing by the Clerk of Court and assigned a new case number. The Court declines to direct that the petition be re-filed in the class-action. The *Foster-Bey* class is represented by counsel. Where a party is represented by counsel, it is expected that all pleadings will be filed by counsel. *See Hall v. Hughes*, No. CV-03-0040-EFS, 2005 WL 1152082 (E.D. Wash. May 16, 2005) (striking motion filed by litigant not through counsel); *Dayton v. Stolc*, No. A03-0145CV, 2005 WL 906369 (D. Alaska Apr. 12, 2005). Thus, the

Court denies Petitioner's request to intervene.

**V.**

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Intervene and File Attached Petition for Writ of habeas Corpus" is **DENIED**.

s/Marianne O. Battani<br>
MARIANNE O. BATTANI<br>
UNITED STATES DISTRICT JUDGE

Dated: July 22, 2009

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, Orville Leland Davis, and Counsel for the Respondent.

s/Bernadette M. Thebolt<br>
Case Manager